Essex Company *vs.* Lawrence Machine Shop & others.

The objection that all of the stockholders in a corporation are not made defendants in a bill in equity under *St.* 1862, *c.* 218, for the recovery of sums due from the corporation cannot be taken by demurrer, even though the bill shows that not all of the stockholders are joined; but the objection must, under § 9, be taken by plea or answer.

BILL IN EQUITY, alleging that the Lawrence Machine Shop was a corporation with a capital stock of $750,000; that the plaintiffs recovered judgment against said corporation for $37,747.62 damages, and costs of suit; that further proceedings were had (which were set out in detail), such as are required by statute for charging stockholders for the corporate debts; and that certain persons therein named were owners of shares to the number set against their respective names, and amounting in all to $284,700. The prayer was that said stockholders who were named might be ordered to pay to the plaintiffs and such other creditors as might become parties to the bill such sums as might be found due to them, and for further relief.

Certain of the defendants demurred to the bill, assigning for cause that it appeared by the bill that all of the persons called stockholders were necessary parties defendant, yet the plaintiffs had not made them all parties. The case was reserved for the determination of the whole court.

*C. W. Loring*, for the defendants.

*D. Saunders, Jr. & J. J. Storrow*, for the plaintiffs.

DEWEY, J. The personal liability of the stockholders of the Lawrence Machine Shop is one wholly created by statute. The *St.* of 1862, *c.* 218, creating this liability in certain cases, has also made provision for its enforcement, and instead of leaving the proceedings in such cases to be settled wholly by the precedents and established practice recognized as governing ordinary cases in equity, has fully and particularly provided for the case of an omission to join in the suit as defendants all persons liable as such, and has in § 9 enacted that " no such suit shall be abated by reason of the non-joinder of persons liable as defend-ants, unless the plaintiff, after being notified by plea or answer

of the existence of such persons, shall unreasonably neglect **to** make them parties."

The omission of other persons who ought to have been joined must therefore be made to appear by plea or answer, and the court must be satisfied that the plaintiff has, after being notified in the manner thus required, unreasonably neglected to make them parties.

It is unnecessary to consider whether, under the practice adopted in courts of equity, in the absence of such statute provision, this demurrer could be sustained, or whether, if a demurrer is a proper mode to raise such objection, it would not be confined to cases where the bill on the face of it clearly shows such omission of proper parties, and that the plaintiff had the means to ascertain such parties, and that the case was not one of the class where from the number, or other circumstances, it was not necessary to join them.

For the reasons that have been stated, this demurrer must be overruled.